## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

| | |
|---|---|
| MATTHEW DE LA HUNT, | ) |
| Petitioner, | ) ) ) |
| v. | ) )  Case No. 4:16-CV-2171 NAB |
| TOM VILLMER, | ) ) ) |
| Respondent. | ) ) |

## **MEMORANDUM AND ORDER**

This closed matter is before the Court on Petitioner's Motion to Alter or Amend Judgment or in the Alternative for a Certificate of Appealability, together with a Memorandum in Support. (Docs. 23, 24.) Respondent filed a response in opposition. (Doc. 26.) Petitioner filed a reply. (Doc. 27.) The parties have consented to the jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c)(1). (Doc. 5.) For the reasons set forth below, the Motion to Alter or Amend Judgment or for a Certificate of Appealability is denied.

**I.      Procedural Background**

Petitioner was convicted by a jury on the sole charge of attempted enticement of a child. After completing his appeals and post-conviction relief in state court, Petitioner filed a petition for writ of habeas corpus and then an amended petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Docs. 1, 10.) Petitioner asserted fifteen grounds for relief in his amended petition. The Court denied the amended petition and did not grant a certificate of appealability on any ground.

(Doc. 21.) Petitioner now asks the Court to reconsider its denial of the amended petition or, in the alternative, to grant him a certificate of appealability.[1]

## II.   Discussion

### A.   Motion to Alter or Amend Judgment

Federal Rule of Civil Procedure 59(e) allows a party to seek to alter or amend a judgment within 28 days after the entry of the judgment. Rule 59(e) was adopted to make clear that the district court possesses the power "'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982)). Rule 59(e) motions are used to correct "manifest errors of law or fact, or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998); and *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988)). "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703.

Relief pursuant to this rule is subject to a court's broad discretion. *Briscoe v. Cty. of St. Louis, Mo.*, 690 F.3d 1004, 1015-16 (8th Cir. 2012). A court abuses its discretion when it fails to consider an important factor, assigns significant weight to an irrelevant or improper factor, or commits a clear error of judgment weighing those factors. *Simmons v. United States*, No. 4:11CV01983 ERW, 2013 WL 798046, at *3 (E.D. Mo. March 5, 2013) (citing *Rattray v.*

---

[1] In his motion, Petitioner includes general requests that the Court alter or amend the judgment, or issue a certificate of appealability, on all of the issues presented in his amended habeas petition. In his memorandum in support of the motion, Petitioner only presents arguments related to Grounds 3, 12, 13, 14, and 15. Because Petitioner has not presented the Court with any argument or support for his position that the Court should alter or amend the judgment or issue a certificate of appealability with respect to Grounds 1, 2, or 4 through 11 of the amended petition, his requests on those claims will be denied.

(Doc. 21.) Petitioner now asks the Court to reconsider its denial of the amended petition or, in the alternative, to grant him a certificate of appealability.[1]

## II.   Discussion

### A.   Motion to Alter or Amend Judgment

Federal Rule of Civil Procedure 59(e) allows a party to seek to alter or amend a judgment within 28 days after the entry of the judgment. Rule 59(e) was adopted to make clear that the district court possesses the power "'to rectify its own mistakes in the period immediately following' its decision." *Banister v. Davis*, 140 S. Ct. 1698, 1703 (2020) (quoting *White v. New Hampshire Dept. of Employment Security*, 455 U.S. 445, 450 (1982)). Rule 59(e) motions are used to correct "manifest errors of law or fact, or to present newly discovered evidence." *United States v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoting *Innovative Home Health Care, Inc. v. P.T.-O.T. Assocs. of the Black Hills*, 141 F.3d 1284, 1286 (8th Cir. 1998); and *Hagerman v. Yukon Energy Corp.,* 839 F.2d 407, 414 (8th Cir.1988)). "[C]ourts will not address new arguments or evidence that the moving party could have raised before the decision issued." *Banister*, 140 S. Ct. at 1703.

Relief pursuant to this rule is subject to a court's broad discretion. *Briscoe v. Cty. of St. Louis, Mo.*, 690 F.3d 1004, 1015-16 (8th Cir. 2012). A court abuses its discretion when it fails to consider an important factor, assigns significant weight to an irrelevant or improper factor, or commits a clear error of judgment weighing those factors. *Simmons v. United States*, No. 4:11CV01983 ERW, 2013 WL 798046, at *3 (E.D. Mo. March 5, 2013) (citing *Rattray v.*

---

[1] In his motion, Petitioner includes general requests that the Court alter or amend the judgment, or issue a certificate of appealability, on all of the issues presented in his amended habeas petition. In his memorandum in support of the motion, Petitioner only presents arguments related to Grounds 3, 12, 13, 14, and 15. Because Petitioner has not presented the Court with any argument or support for his position that the Court should alter or amend the judgment or issue a certificate of appealability with respect to Grounds 1, 2, or 4 through 11 of the amended petition, his requests on those claims will be denied.

*Woodbury Cty., Iowa*, 908 F. Supp. 2d 976, 1008 (N.D. Iowa 2012)). A court does not abuse its discretion in denying a Rule 59 motion when the purpose of the motion is to repeat arguments the district court already rejected. *See Preston v. City of Pleasant Hill*, 642 F.3d 646, 652 (8th Cir. 2011).

### B. Grounds 13-15: Procedurally Defaulted Claims and Application of *Martinez*

Petitioner claims the Court misapplied *Martinez*, 566 U.S. 1, 132 S.Ct. 1309, 182 L.Ed.2d 272, when it held Grounds 13, 14, and 15 of the amended habeas petition were procedurally defaulted. Specifically, Petitioner contends the Court erred by applying an overly strict standard in rejecting his underlying claim of ineffective assistance of trial counsel as insubstantial because this Court conducted an analysis of the merits of the claim. Petitioner asserts the Court should not "perform a full merits review[,]" but instead should review the underlying claim of ineffective assistance of trial counsel under a standard "akin to that for determining whether a certificate of appealability should be issued." (Doc. 24 at 5.)

Under *Martinez*, ineffective assistance of post-conviction counsel may constitute cause to excuse a petitioner's procedural default of a claim based on post-conviction counsel's failure to properly raise a claim of ineffective trial counsel in state court when the state's collateral review proceeding was the initial review proceeding for an ineffective assistance of counsel claim. *Martinez*, 566 U.S. at 14, 132 S.Ct. 1309. Under this exception, the petitioner can overcome the procedural default of a claim if "(1) post-conviction counsel performed deficiently; (2) 'there was a reasonable probability that, absent the deficient performance, the result of the post-conviction proceedings would have been different'; and (3) the 'underlying ineffective-assistance-of-trial-counsel claim is a substantial one.'" *Dickinson v. Shinn*, 2 F.4th 851, 858 (9th Cir. 2021) (internal citations omitted), *cert. denied*, 142 S.Ct. 1162, 212 L.Ed.2d 37 (2022). To meet this

narrow exception for establishing cause, the petitioner must demonstrate that post-conviction counsel was ineffective under the standards of *Strickland*. *Martinez*, 566 U.S. at 14, 132 S.Ct. 1309; *Buck v. Davis*, 137 S.Ct. 759, 771, 197 L.Ed.2d 1 (2017).

In determining whether the underlying ineffective-assistance-of-trial-counsel claim is "substantial" under the third requirement, *Martinez* instructs "that the prisoner must demonstrate that the claim has some merit[,]" similar to the showing required for a certificate of appealability. *Martinez*, 566 U.S. at 14, 132 S.Ct. 1309 (citing *Miller–El v. Cockrell*, 537 U.S. 322, 123 S.Ct. 1029, 154 L.Ed.2d 931 (2003) for the standards for certificates of appealability to issue)). In *Buck*, the United States Supreme Court held that while the petitioner's underlying ineffective-assistance-of counsel-claim is held to the *Strickland* standard, for purposes of a certificate of appealability the petitioner must only demonstrate that "jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Buck*, 137 S. Ct. at 773 (citing *Miller-El*, 537 U.S. at 327, 123 S.Ct. 1029). The Supreme Court explained that this threshold inquiry "is not coextensive with a merit analysis" and "should be decided without 'full consideration of the factual or legal bases adduced in support of the claims.'" *Id.* (citing *Miller-El*, 537 U.S. at 336, 123 S.Ct. 1029).

Petitioner contends the Court erred in finding his ineffective-assistance-of-trial-counsel claims were procedurally barred because the Court conducted an "analysis of the merits" in contravention of the dictates of *Buck* and *Martinez*. Petitioner's claim misstates the Court's rulings. First, in addition to discussing Ground 15 on the merits, the Court specifically denied Ground 15 as time-barred because Petitioner failed to show that he was in custody pursuant to § 2254 when he raised Ground 15. (Doc. 21 at 10-12.) Second, in denying relief on Ground 13 related to failure

4

to obtain or present certain experts, the Court found that the selection of witnesses is a matter of trial strategy, and Petitioner did not demonstrate deficient performance of counsel based on trial counsel's failure to retain certain experts, nor did Petitioner demonstrate prejudice based on trial counsel's decision. (Doc. 21 at 55-61.) Petitioner does not point to specific issues regarding the Court's ruling on Ground 14, nor has he established a manifest error of law for the Court's consideration. Because Petitioner has not demonstrated that the Court made a manifest error of law in assessing, for purposes of *Martinez,* Petitioner's claims of ineffective assistance of trial counsel as presented in Grounds 13, 14, and 15 of the amended habeas petition, the Court finds no basis to alter or amend its judgment denying Petitioner's 28 U.S.C. § 2254 petition on this basis.

Petitioner also claims the Court erred in finding Grounds 13, 14, and 15 of the amended habeas petition were procedurally defaulted because the Court incorrectly evaluated post-conviction counsel's performance under the "appellate counsel standard" of ineffective assistance of counsel. Specifically, Petitioner suggests the Court erroneously relied upon the decision in *Muhammad v. Cassady*, No. 4:13-cv-1816-SPM, 2016 WL 4493682, at *9 (E.D. Mo. Aug. 26, 2016) (citing *Link v. Luebbers,* 469 F.3d 1197, 1205 (8th Cir. 2006) and finding the that the logic in not holding appellate counsel "to be ineffective for failure to raise every conceivable issue" also applies to claims of ineffective assistance of post-conviction relief counsel). Citing cases from the Fifth and Eleventh Circuits, *Trevino v. Davis*, 829 F.3d 328, 347 (5th Cir. 2016), and *Sullivan v. Sec'y, Fla. Dept. of Corr.*, 837 F.3d 1195, 1204-07 (11th Cir. 2016), Petitioner asserts that "post-conviction counsel's effectiveness under *Martinez* must be measured against the trial-counsel standard" and that each ground post-conviction counsel omitted from the petition should be considered "without any reference to its relative strength to other claims in the post-conviction

5

petition, to determine whether it was 'substantial' within the lenient [certificate of appealability] standard."

Petitioner's argument that there are different "standards" for reviewing ineffective assistance of counsel claims, one for trial counsel and one for appellate counsel, is not well taken. To the contrary, all claims of ineffective assistance of counsel are analyzed under the *Strickland* standard. *See Evitts v. Lucey*, 469 U.S. 387, 395, 105 S.Ct. 830, 83 L.Ed.2d 821 (1985) (*Strickland* provides "the standards to be used in assessing claims that trial counsel failed to provide effective representation."); *Smith v. Murray*, 477 U.S. 527, 535-36, 106 S.Ct. 2661, 91 L.Ed.2d 434 (1986) (applying *Strickland* to claim of attorney error on appeal). *See also Williams v. Taylor*, 529 U.S. 362, 391, 120 S.Ct. 1495, 146 L.Ed.2d 389 (2000) (Except in limited circumstances, the "*Strickland* test provides sufficient guidance for resolving virtually all ineffective-assistance-of-counsel claims" and the fact "[t]hat the *Strickland* test 'of necessity requires a case-by-case examination of the evidence,' *Wright*, 505 U.S. [277, 308, 112 S.Ct. 2482, 120 L.Ed.2d 225 (1992)] (Kennedy, J., concurring in judgment), obviates neither the clarity of the rule nor the extent to which the rule must be seen as 'established' by this Court.").

*Deck*, *Trevino*, and *Sullivan* are consistent with the above principle. In each of those cases, the court applied the *Strickland* standard to the petitioner's claim of ineffective assistance of post-conviction counsel. *See Deck*, 978 F.3d at 584 ("... we cannot say that postconviction counsel's 'performance fell [outside] "the wide range of professionally competent assistance."'") (quoting *Fields v. United States*, 201 F.3d 1025, 1027–28 (8th Cir. 2000) (quoting *Strickland*, 466 U.S. at 690, 104 S.Ct. 2052)); *Trevino*, 829 F.3d at 348-49 (state habeas counsel is "subject to the same *Strickland* requirement [as trial counsel] to perform some minimum investigation prior to bringing the initial state habeas petition[.]"); *Sullivan*, 837 F.3d at 1204 (the petitioner was

6

required to meet the *Strickland* standard to establish that post-conviction counsel's failure to raise a claim constituted unconstitutionally ineffective assistance). The only difference among these cases is each court's respective application of the *Strickland* standard to the facts before it. *Trevino*, 829 F.3d at 347-49, and *Sullivan*, 837 F.3d at 1203-07, considered whether post-conviction counsel was ineffective for failing to conduct an adequate investigation into a potential issue, a task traditionally performed by trial counsel. In contrast, *Deck*, 978 F.3d at 583-84, determined whether post-conviction counsel was ineffective in his selection of claims of error, a task traditionally within the realm of appellate counsel.

Furthermore, contrary to Petitioner's assertion, it is appropriate for a court to consider the relative strength of claims not raised when assessing counsel's performance. *See Deck*, 978 F.3d at 584 (quoting *Davila v. Davis*, 137 S. Ct. 2058, 2067, 198 L.Ed.2d 603 (2017) ("[d]eclining to raise a claim ... is not deficient performance unless that claim was plainly stronger than those actually presented" in holding that post-conviction counsel's selection of claims to raise was not deficient performance)). Because Petitioner has not demonstrated that the Court made a manifest error of law in assessing his claims of ineffective assistance of post-conviction counsel under *Martinez*, the Court finds no basis to alter or amend its judgment denying Petitioner's amended habeas petition on this basis.

    C.    **Ground 3: Sufficiency of the Evidence**

Ground 3 of the Amended Petition argued that the trial court erred in overruling his motion for judgment of acquittal because the evidence was insufficient that he believed he was communicating with a person less than 15 years old. Petitioner's motion notes that the Court found the Missouri Court of Appeals' holding that sufficient evidence existed to show Petitioner believed he was communicating with a girl less than fifteen years old was based on factual findings

7

justifying a guilty verdict. (Doc. 21 at 22.) The Court rejected Petitioner's argument that the evidence Petitioner believed he was communicating with a person less than fifteen was "nonexistent." (*Id.* at 21.)

The Court has carefully considered Petitioner's Rule 59(e) Motion as it relates to this claim. The Court does not find any manifest errors of law or fact which need to be corrected, nor did Petitioner present any newly discovered evidence. Petitioner states that a sufficiency of the evidence claim is "fact-intensive" and "deserving of further scrutiny on appeal." (Doc. 24 at 9.) He further alleges this issue could be resolved differently and "deserves further proceedings." *Id.* However, a court reviewing a sufficiency of the evidence decision "considers only the 'legal' question 'whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.'" *Musacchio v. United States*, 577 U.S. 237, 243 (2016) (quoting *Jackson v. Virginia,* 443 U.S. 307, 319 (1979) (emphasis in original)). If the reviewing court so finds, sufficient evidence supports the conviction, and due process has been satisfied. *Jackson*, 443 U.S. at 319.

This Court only has the purview to grant relief if, in viewing the evidence in the light most favorable to the prosecution, the jury's finding of guilt was so "insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 640, 656 (2012). That did not occur in Petitioner's case. The Missouri Court of Appeals recounted the evidence that supported a finding Petitioner believed he was communicating with a child less than fifteen, this Court recounted that evidence in denying the amended habeas petition, and will not repeat itself here. (Doc. 21 at 21-22.) More than bare rationality supports the jury's finding that Petitioner believed he was

communicating with a child less than fifteen. Petitioner's Motion to Alter or Amend the Judgment will be denied as to Ground 3.

### D.     Ground 12: Prosecutorial Misconduct

Ground 12 of the amended petition argued that the State withheld "key exculpatory evidence" from Petitioner's computers because the computer contained undisclosed chats with adult women which "materially negated Petitioner's intent to engage in sexual activity with a child" and would have explained the presence of condoms in his car. In denying habeas relief, the Court found that the Missouri Court of Appeals' decision was not an unreasonable determination of the facts. (Doc. 21 at 52-53.) In his motion, Petitioner argues that the Court's and the Missouri Court of Appeals' characterization of the evidence against Petitioner as "overwhelming" is unreasonable because other courts "have described evidence that was stronger than the proof utilized here to convict petitioner as 'weak.'" (Doc. 24 at 10.) Petitioner argues that because it cannot be said the evidence was overwhelming, such a characterization is an unreasonable determination of the facts. (*Id.* at 12.)

"'[A]n unreasonable determination of the facts in light of the evidence presented in state court proceedings' occurs 'only if it is shown by clear and convincing evidence that the state court's presumptively correct factual findings do not enjoy support in the record.'" *White v. Dingle*, 757 F.3d 750, 755–56 (8th Cir. 2014) (alteration in original) (quoting *Whitehead v. Dormire*, 340 F.3d 532, 536 (8th Cir. 2003)). Petitioner has not made this showing. Simply pointing to other evidence—without giving this Court any reason to believe the state failed to consider those things as well—does not amount to clear and convincing evidence that the state court's factual findings lack support in the record and does not establish a *Brady* claim. Petitioner's Motion to Alter or Amend the Judgment will be denied as to Ground 12.

9

### E. Certificate of Appealability

A habeas petitioner is entitled to a certificate of appealability if he makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); *Buck*, 137 S. Ct. at 773. To do so, the petitioner must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S.Ct. 1595, 146 L.Ed.2d 542 (2000) (internal quotations omitted)); *see also Buck*, 137 S. Ct. at 773.

Here, Petitioner contends that the Court erred in denying him a certificate of appealability as to Ground 3 because whether the Missouri Court of Appeals made a reasonable determination of the evidence and reasonably applied the law is "debatable among reasonable jurists." (Doc. 24 at 9.)  The Court does not agree. The Court does not find these issues are debatable among jurists of reason. Petitioner failed to make a "substantial showing of the denial of a constitutional right" as required by § 2253(c)(2). The Court will not alter its judgment to grant Petitioner's request for a certificate of appealability on Ground 3.

Petitioner also contends that the Court erred in denying him a certificate of appealability on Grounds 13, 14, and 15 because "reasonable jurists can and do differ" on the issue of whether post-conviction counsel's performance is evaluated using the "trial-counsel standard" or the "appellate-counsel standard." Specifically, Petitioner contends that the Eighth Circuit's holding in *Deck* conflicts with the holdings of the Fifth and Eleventh Circuits in *Trevino* and *Sullivan*, thus demonstrating that the issue is debatable. Petitioner asserts that doubts as to whether to issue a certificate of appealability should be resolved in his favor.

When a claim has been procedurally defaulted, the Court considers the following guidelines in determining whether a certificate of appealability should be granted:

> 1) if the claim is clearly procedurally defaulted, the certificate should not be issued; 2) even if the procedural default is not clear, if there is no merit to the substantive constitutional claims the certificate should not be issued; but 3) if the procedural default is not clear and the substantive constitutional claims are debatable among jurists of reason, the certificate should be granted.

*Langley v. Norris*, 465 F.3d 861, 863 (8th Cir. 2006) (citing *Khaimov v. Crist*, 297 F.3d 783, 786 (8th Cir. 2002)).

With respect to Grounds 13, 14, and 15, the Court found Petitioner failed to establish cause and, therefore, his claims were clearly procedurally defaulted. Furthermore, as already discussed in this memorandum and order, Petitioner's claims that the courts utilize different "standards" for assessing claims of ineffective assistance of counsel and that *Deck* is inconsistent with *Trevino* and *Sullivan*, are not well taken. The Court does not find these issues are debatable among "jurists of reason," nor does the Court find doubt as to whether a certificate of appealability should be granted. Petitioner failed to make a "substantial showing of the denial of a constitutional right" as required by § 2253(c)(2) and is not entitled to a certificate of appealability on these or any remaining grounds in his amended petition.

### F. Evidentiary Hearing

Finally, Petitioner contends the Court should conduct an evidentiary hearing to determine the merits of Grounds 13, 14, and 15 because "[w]hen the correct standard of ineffective assistance of counsel is applied to post-conviction counsel['s] performance and absent a full merit review of these grounds for relief, [Petitioner] has demonstrated that they are substantial [and] deserving of an evidentiary hearing." (Doc. 24 at 8.) Because the Court applied the correct standard in reviewing Petitioner's Grounds 13, 14, and 15, Petitioner's request for an evidentiary hearing will be denied.

11

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's Motion to Alter or Amend Judgment, or in the Alternative for a Certificate of Appealability, is **DENIED**.

NANNETTE A. BAKER
UNITED STATES MAGISTRATE JUDGE

Dated this 9th day of September, 2022.